SUMMARY ORDER

Hui Lin, a native and citizen of the People’s Republic of China, seeks review of an August 21, 2008 order of the BIA affirming the April 10, 2007 decision of Immigration Judge (“IJ”) Annette S. El-stein, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Hui Lin, No. A200 039 858 (B.I.A. Aug. 21, 2008), aff'g No. A200 089 858 (Immig. Ct. N.Y. City Apr. 10, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We conclude that the agency’s adverse credibility finding is supported by substantial evidence. For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, like the one at issue here, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). We “defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Here, the IJ noted a series of inconsistencies in the record. First, Lin claimed in his asylum application to have helped his pastor escape the Easter 2004 raid on his church, but a letter from the pastor failed to mention the raid. Second, while Lin first testified that he started going to church in 2002 and formally joined the church in December 2003, the letter from the pastor indicated that he joined the church in October 2003. Third, Lin first testified that his church was demolished in 2003, then changed his testimony to say that it was destroyed before he joined, then he changed his testimony again to say it had been destroyed both before and after he joined. Fourth, Lin testified that the police went to his house to look for him in China in December 2004, but indicated in his asylum application that they came to arrest him in January 2005. Finally, Lin testified that he joined a church in the United States in August 2005, but a letter from that church indicated that he had been a member since December 2005. Under the REAL ID Act, it was proper for the IJ to rely on these inconsistencies in making her adverse *24 credibility determination. 8 U.S.C. § 1158(b)(l)(B)(iii). Accordingly, we find that the IJ’s denial of Lin’s asylum application was proper.
Further, inasmuch as Lin based his claim for withholding of removal on the same factual predicate as his asylum claim, that claim necessarily fails. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Finally, we find that Lin has abandoned his CAT claim by failing to sufficiently argue it in his brief to this Court. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.